# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

THE BANK OF NEW YORK MELLON, ) Case No. 2:17-cv-01013-RFB-GWF
)
    Plaintiff, )
)
vs. ) **ORDER**
)
WILLIE GRIMES, *et al.*, )
)
    Defendants. )
)

This matter is before the Court on Plaintiff's Motion to Substitute (ECF No. 40), filed on September 14, 2017 and Plaintiff's Motion for Service by Publication (ECF No. 38), filed on September 13, 2017.

## DISCUSSION

Federal Rule of Civil Procedure 25 governs a motion for substitution and a notice of death. The Rule provides:

> (a) Death
>
> (1) Substitution if the Claim is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>
> ...
>
> (3) Service. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed.R.Civ.P. 25(a).

. . .

The rule requires two affirmative steps in order to trigger the running of the 90–day period. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir.1994). "First, a party must formally suggest the death of the party upon the record." Id. (*citing Anderson v. Aurotek*, 774 F.2d 927, 931 (9th Cir.1985); *Grandbouche v. Lovell*, 913 F.2d 835 (10th Cir.1990)). "Second, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute." *Barlow*, 39 F.3d at 233; Fed.R.Civ.P. 25(a).

Plaintiff represents that during its attempt to serve Defendant Willie Grimes with process, it discovered that Defendant Grimes is deceased. Plaintiff formally suggested Defendant Grimes' death on September 13, 2017. *See* ECF No. 37. That same day, Plaintiff moved, pursuant to Fed. R. Civ. P. 25, to substitute Defendant Grimes' unknown heirs in his place and requests leave to serve the unknown heirs by publication.

Plaintiff has not made the requisite showing of due diligence to justify an order allowing service by publication on Defendant Grimes' unknown heir or heirs. Specifically, Plaintiff has failed to demonstrate that it has made any attempt to locate Defendant Grimes' heirs prior to its request.[1] Rather, it simply states that the heirs cannot be ascertained and directs the Court to Exhibit A of the Notice of Suggestion of Death (ECF No. 37). Exhibit A is a declaration of counsel, which does not even mention any efforts made by Plaintiff to ascertain Plaintiff's heirs. Exhibit 1 to Exhibit A is an affidavit of due diligence from Plaintiff's process server, which describes Plaintiff's attempt to serve Defendant Grimes before it discovered he is deceased. Exhibit 2 to Exhibit A appears to be the skip trace results on Defendant Grimes. Nothing in these documents discusses Plaintiff's attempts to obtain information regarding Defendant Grimes' heirs. Therefore, the Court directs Plaintiff's counsel to investigate the status of Defendant Grimes' estate. If counsel is able to obtain information regarding the representative of the estate or an appropriate successor, counsel shall serve the notice of suggestion of death on the proper nonparty. If counsel is unable to obtain

---

[1] NRS 14.040(1) states that in order for a court to grant a request to serve unknown heir or heirs by publication, the plaintiff must demonstrate "... that due diligence to ascertain the name or names and the place or places of residence of such heir or heirs has been successfully exercised by or in behalf of the plaintiff or plaintiffs ..."

this information, then she may file a new declaration in which she describes the efforts made to comply with this order. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Substitute (ECF No. 40) and Motion for Service by Publication (ECF No. 38) are **denied**, without prejudice.

DATED this 19th day of September, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge